# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ASHILI TAMIQUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 8145 |
| ) | |
| SYBIL RICHARDSON, and, ) | |
| JASMINE RANKIN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Because this action by Ashili Tamique ("Tamique") against Sybil Richardson and Jasmine Rankin is the refiling of a previously dismissed case brought by the same plaintiff against the same defendants (Case No. 15 C 6495), this District Court's LR 40.3(b)(2) called for its direct assignment to this Court's calendar instead of being processed under the computer-driven random assignment system generally applicable to civil cases. Because Tamique failed to fill in that background information at the place provided in the Civil Cover Sheet for the newer case, it was assigned in error to the calendar of this Court's colleague Honorable John Lee.

As a result, Judge Lee presided over this action from its inception last September until late last month, when some occurrence unknown to this Court brought the circumstances described in the preceding paragraph to Judge Lee's attention. At that point he e-mailed this Court about the matter (perhaps needless to say, this Court understandably had no prior knowledge that Tamique had filed this second lawsuit -- it is worth noting that nearly 12,000 civil lawsuits were filed in this Eastern Division during the year 2015), and it immediately

agreed that the error in the initial assignment should be corrected by transferring the action to this Court's calendar. That reassignment took place today (March 1).

This Court has now reviewed the case file, and it is retaining the 9 a.m. April 12 status hearing that Judge Lee had set last week, but to be held in this Court's courtroom (Room 2303). As for Tamique's pro se Amended Complaint filed December 3, 2015, however, it is bloated and repetitive and would clearly not pass muster if tendered by counsel rather than by a pro se litigant. Hence it is worth taking a fresh look at whether Tamique's repeated requests for a designation of counsel should be granted.

On that score Judge Lee has accurately ruled not once but twice (citing in each instance a decision by our Court of Appeals) that "civil litigants do not have a constitutional or statutory right to counsel in federal court." True enough, but this Court's experience over its many years as a District Judge has taught that all participants in federal litigation -- plaintiffs, defendants and judges -- are better served when a plaintiff who has filed a nonfrivolous complaint and who qualifies for in forma pauperis status is represented by counsel drawn from this District Court's trial bar.

In this instance, though, Tamique's lengthy Motion for Court Appointed Attorney filed November 19, 2015 ("the Motion," Dkt. No. 18) has failed to identify any specific efforts that she has made to obtain counsel on her own, a requirement that our Court of Appeals has established as a precondition to the favorable entertainment of such a motion.[1] Accordingly this Court is transmitting to Tamique, together with a copy of this memorandum order, three copies

---

[1] Verified Facts ¶ 7.D and Additional Memorandum ¶ 18 of the Motion speak in vague general terms about Tamique's effort to find a lawyer to represent her, but those assertions are clearly inadequate to the task.

of the Clerk's-Office-supplied form of Motion for Attorney Representation. If Tamique promptly completes and returns two counterparts of that form to the Clerk's Office, with particular attention given to answering its Paragraph 2, this Court will (with equal promptness) reconsider the matter of possibly designating a member of this District Court's trial bar to represent Tamique.[2]

                                              Milton I. Shadur
                                              Senior United States District Judge

Date: March 1, 2016

---

[2] Tamique is cautioned that if such a designation of counsel is made, she herself will not be permitted to engage in pro se filings thereafter -- no litigant in the federal court system is allowed to proceed simultaneously both through counsel and on his or her own.