# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ASHILI TAMIQUE**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 8145 |
| | ) |
| **SYBIL RICHARDSON**, and, | ) |
| **JASMINE RANKIN**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This memorandum order is being issued the day after the lengthy (and highly troubling) in-court appearance by pro se plaintiff Ashili Tamique ("Tamique") in support of her Motion To Reinstate, which she had filed on July 6 for presentment on yesterday's motion call. In the interim this Court has had printed out several of the relevant documents in the case, principally (1) one reflecting the docket entries in the case from its inception, (2) a copy of Tamique's self-prepared Amended Complaint that comprises 13 single-spaced pages of fine print that set out no fewer than 11 tort-based separate "counts" and (3) Tamique's "2nd Motion for Court Appointment of Attorney" (referred to hereafter as the "Motion for Counsel"). This memorandum order will address both the Motion To Reinstate and the Motion for Counsel.

To be blunt, Tamique has shown herself to be the paradigmatic example of the person who functions in a universe in which everyone is out of step except the person himself or herself. In the course of her filings in this District Court, she has managed to traduce both this Court's colleague Honorable John Lee and this Court with demonstrably false and scurrilous charges of injustice and falsity in our regularly entered and entirely appropriate judicial rulings. Both

despite and because of that conduct, this Court is prepared to provide her with some relief to which she has frankly demonstrated disentitlement.

As an example, although it pales beside some of her other totally unwarranted complaints, Tamique now charges that her rights have been violated because, she says, she never received several of this Court's recent memorandum orders, most recently the one entered on May 25, 2016 that culminated in the dismissal of this action for want of prosecution -- a ruling that had been forecast in this Court's penultimate May 13 memorandum order that warned her that would be the result of her continued disregard of several court orders.[1] As it turns out, it is entirely possible that Tamique did not in fact receive the May 13 and May 25 orders or other orders that preceded them.

But if that is indeed so, it is not -- as Tamique claims -- because of any failure on the part of the Clerk's Office (or of this Court, whom she wrongfully charges with also having failed to transmit orders to her, though that ministerial task is scarcely the function of this Court or its chambers personnel). Instead any failure of delivery -- as to which the Clerk's Office records expressly show that all the documents were in fact electronically transmitted to "tscsorority@gmail.com," the designation that Tamique herself had specified for such transmittal -- was the direct result of <u>her</u> having closed out that e-mail address and changing it to another one without ever filing anything with the Clerk's Office to memorialize that change.

---

[1] Ironically, Tamique predicates her present lawsuit on charges of defamation per se and libel per se, torts with which she professes to seek representation by appointed counsel who are as familiar with their legal principles as she claims she is. And she does so heedless of the fact that her lines of attack on Judge Lee and this Court are themselves poster children for such torts (except for the possible privilege that attaches to such conduct contained in court filings).

It would lengthen this memorandum order unduly to provide chapter and verse as to the numerous other mistakes and mistaken understandings on Tamique's part that have made a mess of this litigation. What seems clear is that simply because this Court has no desire to punish Tamique for her own unseemly behavior and her flat-out errors, it may still be preferable to vacate the dismissal for want of prosecution -- but that will be done only when coupled with the designation of a member of the District Court trial bar to represent Tamique, an action that will serve both Tamique and this Court better than would be the case if she were to proceed on her present course of action in an unchecked fashion.[2]

In any event, this Court has decided, despite the fact that this action's termination was unquestionably a self-inflicted wound caused by Tamique herself, to grant the Motion To Reinstate. And once again, despite the unjustified abuse that Tamique has visited on Judge Lee and this Court, it will also grant the Motion for Counsel.

In that latter respect, however, Tamique is warned that she will no longer be permitted to engage in filings on her own, for now only her designated counsel will have the right to speak for her -- and in that regard this Court will not entertain any complaints by Tamique of the same type that she has used to bum-rap other lawyers whom she has sought to retain on her own -- lawyers with whom she has found fault as assertedly not having the level of knowhow that she ascribes to

---

[2] When this case was initially assigned to Judge Lee, that was the result of another mistake on Tamique's part (this action is the refiling of an earlier lawsuit for the same claimed wrongdoing by the same parties defendant, an action that this Court dismissed for lack of federal subject matter jurisdiction when she originally filed it as a purported Section 1983 action, for no federal constitutional claims or other federal question claims had been part of the gravamen of that lawsuit). This second action by Tamique invokes the diversity-of-citizenship branch of federal jurisprudence, so that it should have been assigned to this Court's calendar in the first instance, but that was not done because Tamique herself incorrectly stated on the civil cover sheet that this was <u>not</u> the refiling of a previously-dismissed action.

herself in the fields of cyber law, defamation per se and libel per se.  Litigants in this District Court who get the benefit of legal representation from members of the trial bar who are required to provide such services as a condition of trial bar membership -- an arrangement not in effect, to this Court's knowledge, in any other federal district court -- are not entitled to demand special expertise in the same way that can properly be demanded of counsel chosen and paid for by a litigant as the result of a free market choice on the part of both the client and the lawyer.

Finally, this action is set for a next status hearing date at 9:15 a.m. August 30, 2016.  By that time the designated counsel to be provided shortly hereafter will be expected to have conferred with Tamique, to have reviewed the posture of the action as to the defendants and to come prepared with a recommendation as to the appropriate action to be taken by this Court.  In addition Tamique is ordered to attend that status hearing personally, not to participate in the just-described substantive discussion or to argue her case (conduct that would be impermissible now that her Motion for Counsel has been granted), but rather to respond to any questions that this Court may pose to assure her understanding of, and promised compliance with, the constraints now imposed on her as a legally represented litigant.

_____
Milton I. Shadur
Date:  July 19, 2016                     Senior United States District Judge